UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN LIEBB,<br><br>    Petitioner,<br><br>    v.<br><br>JILL BROWN, WARDEN,<br><br>    Respondent.<br>_____/ | No. C 04-4213 CW (JL)<br><br>ORDER Requesting Petitioner to Show Cause for Non-Compliance with Civil Local Rule 3-4(a-d) |

All discovery in this case has been referred by the district court (Hon. Claudia Wilken) pursuant to 28 U.S.C. §636(b) and Civil Local Rule 72. Petitioner and Respondent filed a number of discovery motions. (Docket #s 19, 20, 21, 23, 24, 26, 27, and 28).

After examining the Petitioner's request to be relieved from the June 20, 2007 Court Order which required both parties to comply with Civil Local Rule 3-4 (a-d), the Court orders the Petitioner to show cause why compliance with the Civil Local Rule 3-4 (1-d) would cause a hardship in his case. The Civil Local Rules 3-4 (a-d) are quoted below:

(a) **First Page Requirements**. The first page of each paper presented for filing must set forth:

(1) The name, address, telephone number, facsimile ("fax") telephone number, e-mail address and state bar number of counsel (or, if *pro se*, the name, address, telephone number, fax telephone number and e-mail address of the party) presenting the paper for filing. This information must appear in the upper left hand corner and must indicate the party represented by name as well as that party's status in the litigation (i.e., plaintiff, defendant, etc.). In multiparty actions or proceedings, reference may be made to the signature page for the complete list of parties represented;

(2) If not proceeding *pro se* and if proceeding *pro hac vice* in conformity with Civil L.R. 11-3, following the information required in Civil L.R. 3-4(a)(1) the name, address, telephone and state bar number of the member of the bar of the Court who maintains an office within the State of California; and

(3) Commencing on the eighth line of the page (except where additional space is required for counsel identification) there must appear:

(A) The title of this Court, including the appropriate division or location;

(B) The title of the action;

(C) The case number of the action followed by the initials of the assigned District Judge or Magistrate Judge and, if applicable, the initials of the Magistrate Judge to whom the action is referred for discovery or other pretrial activity;

(D) A title describing the paper; and

(E) Any other matter required by Civil L.R. 3.

(4) Any complaint or Notice of Removal of Action seeking review of federal agency determinations in immigration cases, Privacy Act cases, or Administrative Procedure Act cases must include, under the title of the document, whichever of

the following is applicable: "Immigration Case," "Privacy Act Case," or "Administrative Procedure Act Case."

(5) Presentation of Class Action. If any complaint, counterclaim or cross-claim is sought to be maintained as a class action, it must bear the legend "Class Action" on its first page below the title describing the paper as a complaint, counterclaim or cross-claim.

(b) **Caption for Consolidated Cases.** When filing papers in cases consolidated pursuant to F. R. Civ. P. 42, the caption of each paper must denote the lead case number above all consolidated case numbers. Duplicate originals, however, are not required for associated cases.

(c) **General Requirements**.

(1) Paper. Except for reporter transcripts, all papers presented for filing must be on top-centered, two-hole punched, 8-1/2 inch by 11 inch white opaque paper of original or recycled bond quality with numbered lines, and must be flat, unfolded (except where necessary for the presentation of exhibits), without back or cover, and firmly bound at the top.

(2) Written Text. Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations. Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch. Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman). The text of footnotes and quotations must also conform to these font requirements.

(3) Identification of Paper. Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some

clear and concise abbreviation. Once the Court assigns a case number to the action that case number must be included in the footer.

(d) **Citation to Authorities**. Unless otherwise directed by the assigned Judge, citation to authorities in any paper must include:

(1) In any citation to Acts of Congress, a parallel citation to the United States Code by title, section and date;

(2) In any citation to U.S. regulations, a citation to the Code of Federal Regulations by title and section, and the date of promulgation of the regulation;

(3) In any citation to a U.S. Supreme Court Case, a citation to United States Reports, Lawyers' Edition or Supreme Court Reporter must be used. If the case is not yet available in any of those formats but is available on electronic databases, citation must indicate the database, year and any screen or page numbers, if assigned;

(4) In any citation to other federal courts, unless an alternate reporting service is widely available, a citation to the Federal Reporter, Federal Supplement or Federal Rules Decisions must be used. If the case is not yet available in those formats but is available on electronic databases, citation must indicate the database, year and any screen or page numbers, if assigned; and

(5) In any citation to a state court, citations must include either the official reports or any official regional reporting service (e.g., West Publishing). If the case is not yet available in those formats but is available on electronic databases, citation must indicate the database, year and any screen or page numbers, if assigned.

The Court orders the Petitioner to identify which rule or subsection of the Civil Local Rule 3-4 (a-d) he cannot comply with and the reason it would cause a hardship for the Petitioner.

Additionally, the Court asks the Petitioner to explain his filing of "Petitioner's Response to Respondent's Objection to the Discovery Order; Request to Supplement the

1  Record; and Request for Further Discovery" (docket no. 19) and other numerous filings
2  where the Petitioner was able to comply with the Civil Local Rule 3-4 (a-d) before filing a
3  response to this order.
4  IT IS SO ORDERED.

5
6  DATED: July 23, 2007

7  _____
    JAMES LARSON
    Chief Magistrate Judge

**United States District Court**
For the Northern District of California

C - 04 - 4213 Order