**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                     NORTHERN DISTRICT OF CALIFORNIA
10
11   STEPHEN LIEBB,                         No. C 04-4213 CW (JL)
12            Plaintiffs,
13        v.                                **ORDER DENYING DISCOVERY
                                            MOTIONS (Docket Numbers 19, 20, 23,
14   JILL BROWN, WARDEN,                    24)**
15            Defendant.
     _____/
16
17                              **Introduction**
18        The district court (Hon. Claudia Wilken) referred six pending discovery motions and
19   all further discovery motions related to this habeas petition to this Court.  The discovery
20   motions have been separated to simplify the analysis.  The Court denies the following four
21   motions:1) Respondent's Objection to the Discovery Order (Docket No. 19), 2) Petitioner's
22   Request for Additional Time to Supplement the Record and Request for Additional
23   Discovery (Docket No. 20), 3) Respondent's Request to Strike New Claims (Docket No.
24   23), and 4) Petitioner's Request for Judicial Notice (Docket No. 24).
25                           **Factual Background**
26        Petitioner Stephen Liebb, a prisoner of the State of California incarcerated at San
27   Quentin State Prison, filed a pro se petition for a writ of habeas corpus on October 5, 2004.
28   The petition challenges the constitutional validity of his July 17, 2003 parole suitability

C 04-4213 Discovery Order

United States District Court

For the Northern District of California

1    hearing before the Board of Prisoner Terms (now known as the Board of Parole Hearings)

2    and of the procedures the Board of Prisoner Terms relies on to grant or deny parole to

3    prisoners serving indeterminate sentences for murder.  This Court is familiar with the

4    factual background of this case; therefore, an extensive factual history will not be included.

5    **Procedural History**

6        This Court is also familiar with the extensive procedural background preceding these

7    motions; therefore, this Court will not discuss the procedural history in detail.  For purposes

8    of this order, the following dates are most relevant:  On May, 30, 2007 (ninety days after

9    Order, March 17, 2007, Docket No. 29) the district court referred six pending discovery

10    motions and all further discovery motions to this Court.  (Order, May 30, 2007, Docket No.

11    31).  The six pending motions referred to this Court are: 1) Respondent's Objection to the

12    Discovery Order (Docket No. 19), 2) Petitioner's Request for Additional Time to File a

13    Request to Expand the Record and for Further Discovery (Docket No. 20), 3) Petitioner's

14    Request to Expand the Record and Request for Additional Discovery (Docket No. 21), 4)

15    Respondent's Request to Strike New Claims (Docket No. 23), 5) Petitioner's Request for

16    Judicial Notice (Docket No. 24), and 6) Petitioner's Motion to Expand the Record (Docket

17    No. 27).  This Court then filed notice to all parties setting the hearing date for the motions

18    on July 25, 2007.  (Clerk Notice Mot. Hr'g, Docket No. 32).

19        Liebb then filed a motion to be transported to the hearing which was subsequently

20    denied by this Court.  (Petitioner's Motion to be Transported to Hearing, Docket No. 34;

21    Order, June 13, 2007, Docket No. 33).  There was then an exchange between this Court

22    and Liebb discussing compliance with Civil Local Rule 3-4(a-d).  (Petitioner's Motion to be

23    Relieved from Compliance with Civil Local Rule 3-4(a-d), Docket No. 36; Order, Docket No.

24    37; Petitioner's Response to Order, Docket No. 38).

25    **Discussion**

26    <u>1.) Respondent's Objection to the Discovery Order (Docket No. 19)</u>

27        In this motion Respondent objects to Judge Wilken's August 24, 2005 order granting

28    Liebb leave to "proceed with limited discovery" as outlined by the court.  (Order, 4, August

C 04-4213 Discovery Order

1    24, 2005, Docket No. 8).  The order directs Respondent to provide Liebb with the

2    "statements of decisions for all parole suitability hearings held during the year prior to

3    Petitioner's 2003 parole suitability hearing for all life-term prisoners convicted of one count

4    of first-degree murder." *Id.* It also directs Liebb to file a motion to supplement the record

5    within thirty days of his receipt of the discovery materials or else the court will not accept a

6    request to supplement the record. *Id.* at 8.

7                            **This Motion**

8        After Judge Wilken's August 24th Order, Respondent filed two motions, for leave to

9    file a supplemental answer and to stay the court's discovery order. (Respondent's Motion

10    for Leave to File Supplemental Answer, Docket No. 9; Respondent's Motion to Stay August

11    24, 2005 Order, Docket No. 10).  On September 27, 2005, Judge Wilken granted

12    Respondent's motion to stay the August 24, 2005 discovery order pending the court's

13    consideration of Respondent's supplemental answer.  (Order, October 27, 2005, Docket

14    No. 14).  After reviewing Respondent's supplemental answer, Judge Wilken filed a second

15    order on March 21, 2006, lifting the stay of the court's August 24th discovery order.  (Order,

16    March 21, 2006, Docket No. 17).  Respondent had alleged within its supplemental answer

17    that the court lacked subject matter jurisdiction over the petition and therefore the case

18    should be dismissed.  (Respondent's Supplemental Answer, Docket No. 13).  However, the

19    court determined that it does have subject matter jurisdiction over the petition and denied

20    Respondent's request to dismiss the petition.  (Order, March 21, 2006, Docket No. 17).

21    The court re-ordered Respondent to comply with the court's August 24, 2005 order,

22    granting Liebb limited discovery as outlined by the court.  *Id.*

23                           **Legal Analysis**

24        Respondent's motion before this Court is an objection to Judge Wilken's August 24,

25    2005 order granting Liebb limited discovery of the Board of Prison Terms' (Board) decisions

26    for all parole suitability hearings held during the year prior to Petitioner's 2003 parole

27    hearing for all life-term prisoners convicted of one count of first-degree murder. (Order, 4,

28    August 24, 2005, Docket No. 8).  Respondent asks the court to decide the case without,

**United States District Court**
For the Northern District of California

1  "any further submissions or consideration of the discovery." (Respondent's Objection to

2  Discovery Order, 1, Docket No. 19).

3      Once an order is entered in the record, a court can only set it aside or change it if a

4  party moves to do so under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or

5  by making a motion for reconsideration.  *Mayo v. Dean Witter Reynolds, Inc.* 258 F.

6  Supp.2d 1097, 1103.  Furthermore, Rules 59 and 60 of the Federal Rules of Civil

7  Procedure do not apply unless a final judgment has been entered, and therefore they are

8  not applicable to this case.  F.R.C.P. 59, 60.  A motion for reconsideration is guided by the

9  requirements set forth in Civil Local Rule 7-9.  Before entry of judgment a party can request

10  leave to file a motion for reconsideration of an order on any of the following three grounds:

11  1) a material difference in fact or law existed at the time the order was issued which wasn't

12  presented to the court, 2) the emergence of new material facts or a change of law occurred

13  which didn't exist at the time the order was entered, or 3) a manifest failure by the court to

14  consider material facts or legal arguments.  ND Civil Local Rules 7-9(b).  A party may not

15  make a motion for reconsideration without leave of the court to file.  *Id.* at 7-9(a).

16      Accordingly, since Respondent has failed to state grounds for the objection, this

17  Court assumes Respondent is moving for leave to file a motion for reconsideration.

18  Additionally, since Respondent has not stated any new material facts or a change of law,

19  nor has it stated any fact or law that the court did not consider which existed at the time of

20  the order, this Court is to further assume Respondent is moving for leave to file a motion for

21  reconsideration based on Civil Local Rule 7-9(b)(3).  *Id.*  Civil Local Rule 7-9(b)(3) allows a

22  party to move for reconsideration of a court order based on a manifest failure by the court

23  to consider material facts or legal arguments which were presented to the court.  *Id.*

24      Habeas petitioners in federal court under 28 U.S.C. § 2254 are not entitled to

25  discovery as a matter of right.  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  According to

26  Rule 6(a) of the Rules Governing § 2254 cases, "a judge may, for good cause, authorize a

27  party to conduct discovery under the Federal Rules of Civil Procedure and may limit the

28  extent of discovery" as the judge sees fit.  28 U.S.C.A. foll. § 2254.  In the case of *Bracy v.*

United States District Court

For the Northern District of California

1    *Gramley*, the Supreme Court found that petitioner had good cause for discovery under 28

2    U.S.C. § 2254 where the court had reason to believe the petitioner could demonstrate that

3    he was entitled to relief.  *Bracy*, 520 U.S. at 908-09.

4         Judge Wilken stated within her order that she found good cause to grant leave to

5    proceed with limited discovery.  (Order, August 24, 2005, Docket No. 8).  Liebb alleges that

6    the Board invariably categorizes all life-term crimes as exceptional in order to deny parole

7    and such a policy is in violation of his due process rights.  In order to prove his accusation,

8    Liebb requested discovery of all parole decisions by the Board of life-term prisoners

9    between 2000 and 2003.  *Id.* at 3.  The court believed Liebb's request was too broad since

10   Liebb is not similarly situated to every life-term prisoner who had parole suitability hearings

11   between those dates.  *Id.* at 4.  However, the court granted Liebb limited discovery as a

12   starting point to determine whether Liebb could demonstrate good cause to be entitled to

13   additional discovery.  *Id.*  The court suggested that if Liebb were to find a significant trend

14   within the limited discovery materials that all or a significant majority of prisoners were

15   denied parole due to the exceptional nature of their commitment offenses then Liebb might

16   be able to prove his entitlement to further discovery.  *Id.*

17        California Penal Code § 3041 instructs the Board that it "shall normally set a parole

18   release date" unless it determines that public safety requires a denial of parole.   Cal. Penal

19   Code § 3041 (West 2007).  This mandatory language suggests a presumption that parole

20   release will be granted.  *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442

21   U.S. 1, 12 (1979).  Accordingly, this presumption creates a constitutionally protected liberty

22   interest for prisoners which cannot be denied without due process.  *Board of Pardons v.*

23   *Allen*, 482 U.S. 369, 376-78 (1987).  In *Allen*, prisoners who were denied parole in the

24   Montana State Prison brought a civil rights action against the State Board of Pardons and

25   its chair for denying them due process in disregard of statutorily mandated criteria to

26   determine a prisoner's parole suitability.  The Montana statute at issue within the case

27   creates a presumption, similar to the California Penal Code § 3041, through the use of

28   mandatory language ("shall") and therefore creates a liberty due process interest in parole

C 04-4213 Discovery Order

United States District Court

For the Northern District of California

1  release.  *Id.* at 369.  Accordingly, since California's parole system is similar to Montana's

2  system as described in *Allen*, Liebb has a federal protected liberty interest and a right to

3  due process if his parole hearing was not guided by the mandatory language of the

4  California Penal Code § 3041 and California Code of Regulations §§ 2400 - 2411.

5       Respondent contends that the Board's denial of Liebb's 2003 parole suitability was

6  appropriate because there was 'some evidence' to support the Board's decision.  By

7  pointing to the case of *Jancsek v. Oregon Bd. of Parole*, Respondent argues that the Board

8  only needs to produce some justification for their parole denial in order to protect a

9  prisoner's due process rights. *Jancsek v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th

10  Cir. 1987).  However in *Jancsek,* the court goes on to say that the requirements of due

11  process are satisfied by the production of 'some evidence' and "additionally, the evidence

12  underlying the board's decision must have some indicia of reliability." *Id.* at 1390.

13  Therefore, the Board has to show evidence to support its finding.  The finding must also be

14  based on the statutorily mandated criteria of the California Penal Code and California Code

15  of Regulations.  If the Board based its decision on Liebb's parole suitability without looking

16  at his specific case but rather made its decision based on the nature of his commitment

17  offense in general, its decision on Liebb's parole suitability violates Liebb's due process

18  rights.

19       Respondent contends the limited discovery has no relevance to Liebb's parole

20  suitability hearing because the Board has discretion to render decisions on a case by case

21  basis.  This argument is the reason Liebb seeks the limited discovery ordered by the Court.

22  Liebb claims the Board invariably categorizes all life-term murders as being particularly

23  cruel and therefore uses the commitment crime in every parole hearing, to deny parole and

24  violate prisoners' due process rights.  If Respondent is contending that the Board acted

25  appropriately in using its case by case discretion, then the limited discovery materials

26  should illuminate its contention.  However, if Liebb's allegation is correct, that the Board

27  uses the commitment offense to deny parole uniformly instead of examining each case

28

C 04-4213 Discovery Order

1    individually, then the discovery will support Liebb's claim for relief.

2         Additionally, Respondent relies on the recent California Supreme Court case of *In*

3    *Re Dannenberg* to demonstrate that the Board's reliance on the commitment offense in

4    denying parole does not violate prisoners' due process rights, but is within the broad

5    discretion of the Board.  *In re Dannenberg*, 34 Cal. 4th 1061, 1094 (2005); *cert. denied by*

6    *Dannenberg v. Brown*, 546 U.S. 844 , 126 S.Ct. 92 , 163 L.Ed.2d 109 , 74 USLW 3204

7    (U.S.Cal. Oct 03, 2005) (NO. 04-10299).  In the *Dannenberg* petition the prisoner who was

8    committed for an indeterminate sentence for second degree murder challenged the Board's

9    denial of his parole suitability hearing because the denial was primarily based on the nature

10   of the murder itself.  *Id.*  The court held that the Board had discretion to point to the nature

11   of the crime itself in its decision to deny a prisoner's parole.  *Id.* at 1094-95.  However the

12   court also stated that "the Board must point to factors beyond the minimum elements of the

13   crime for which the inmate is committed" in denying the prisoner's parole.  *Id.* at 1071.

14   Therefore, although the Board has broad discretion under California Penal Code § 3041 to

15   determine the parole suitability of prisoners, if the Board solely relies on the minimum

16   elements of a prisoner's commitment offense, it will infringe on that prisoners' due process

17   rights.

18        Judge Wilken's August 24, 2005 order limiting discovery is appropriate in light of

19   Liebb's allegations that his due process and equal protection rights were violated by an

20   unconstitutional Board policy.  If Liebb finds all or a majority of the Board's parole suitability

21   denials for life-term prisoners convicted of one count of first-degree murder to have relied

22   on the exceptional nature of the commitment offense, then Liebb might be able to argue

23   that he is entitled to relief.  This Court denies respondent's motion for reconsideration of the

24   court's order granting Liebb limited discovery.

25   2.) Liebb's Request for Additional Time to Supplement the Record and Request for

26   Additional Discovery (Docket No. 20)

27        On June 26, 2006, Liebb filed this motion as a response to Respondent's objection

28   to Judge Wilken's discovery order and to request additional time to file a motion to

supplement the record and request additional discovery.  Liebb admits to having received

C 04-4213 Discovery Order

United States District Court

For the Northern District of California

1   and inspected discovery materials from Respondent on June 21, 2006.  Within the motion,

2   Liebb notifies the court of his intention to file a motion to supplement the record with the

3   discovery and request additional discovery.  However, Liebb claims to need additional time

4   to file the motions and requests an extension of the court's thirty day deadline.  (See Order,

5   August 24, 2005, Docket No. 8).

6         Nevertheless, on July 11, 2006, less than thirty days after Liebb received the

7   discovery materials, he filed a motion to supplement the record and for leave to proceed

8   with additional discovery.  (See Petitioner's Request to Supplement Record & Request for

9   Additional Discovery, Docket No. 21).  Therefore, Liebb's request for additional time to file a

10  motion to supplement the record and request additional discovery is denied as moot, since

11  Liebb filed the motions within the appropriate time period and without need for additional

12  time.

13  3) Respondent's Request to Strike New Claims (Docket No. 23)

14        Respondent asserts that Liebb made new claims within his 'six pages of substantive

15  arguments' in his motion to request the court to expand the record and grant him additional

16  discovery.  (Respondent's Objection to Petitioner's Request to Supplement Record &

17  Request for Additional Discovery, 3, Docket No. 23).  Respondent asks the court to strike

18  Liebb's new claims since they were not filed according to Rule 4 under Rules Governing

19  Section 2254 cases.  Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  Liebb

20  objected to Respondent's request to strike, on grounds that he raised no new claims

21  besides the ones stated within his original petition.  (Petitioner's Reply to Respondent's

22  Objection for Further Discovery and Request to Strike New Claims, 5, Docket No. 24).

23        This Court denies respondent's request to strike Liebb's new claims as moot.  It is

24  apparent after reading Liebb's motion, that the 'six pages of substantive arguments' at

25  issue in this motion are neither new nor different from Liebb's original claims in his petition.

26  As summarized by Judge Wilken, Liebb's petition for writ of habeas corpus challenges the

27  constitutionality of two things: 1) his parole suitability hearing before the Board of Prison

28  Terms, and 2) the procedures the Board relies upon to grant or deny parole to prisoners

C 04-4213 Discovery Order

1    serving indeterminate sentences for murder.  (See Petitioner's Reply to Respondent's

2    Objection for Further Discovery and Request to Strike New Claims, 5, Docket No. 24).

3    4.) Liebb's Request for Judicial Notice (Docket No. 24)

4          Liebb asks the Court to take judicial notice of the discovery in two petitions he

5    provides as exhibits within his motion.  (Petitioner's Reply to Respondent's Objection for

6    Further Discovery and Request to Strike New Claims, 4, Docket No. 24).  Respondent

7    objects claiming documents are irrelevant to this action.  (Respondent's Objection to

8    Petitioner's Request for Judicial Notice, Docket No. 25).  Liebb filed a reply asserting that

9    the discovery compilations are relevant.

10          Judicial notice is governed by Rule 201 of the Federal Rules of Evidence.  Fed. R.

11    Evid. 201.  It allows the court to take notice of 'adjudicative' facts which are not subject to

12    reasonable dispute but are either: 1) generally known within the territorial jurisdiction of the

13    trial court or 2) capable of accurate and ready determination by resort to sources whose

14    accuracy cannot reasonably be questioned.  *Id.* at 201(a-b).  A court must take judicial

15    notice if it is requested by a party and supplied with the necessary information.  *Id.* at

16    201(d).  Judicial notice may also be taken at any stage in the proceedings.  *Id.*

17          In the case at bar, Liebb requests the Court to take judicial notice of the discovery

18    from two habeas proceedings in the Superior Court for the County of Santa Clara.  Liebb

19    attaches the discovery to his motion as Exhibits A and B.  Exhibit A concerns the petition

20    of, *In re Donnell E. Jameison*, and includes the petitioner's compilation and analysis of a

21    court discovery order and a declaration in support of the compilation from the petitioner's

22    lawyer.  Exhibit B concerns the petition of, *In re Viet Mike Ngo*, and includes a declaration

23    in support of the petitioner's traverse and an analysis of transcripts produced in compliance

24    with the court's discovery order.

25          This Court concludes that Liebb's motion to take judicial notice of these two

26    California Superior Court, County of Santa Clara habeas petitions should be denied without

27    prejudice.  It is not clear to the Court whether they are true and accurate copies or that they

28    are official documents filed in these unrelated petitions.  Liebb has failed to provide any

evidence of authenticity, such as a Clerk stamp or evidence of service.  Since knowledge of

C 04-4213 Discovery Order

these documents is neither 1) generally known within the territorial jurisdiction of this Court nor 2) capable of accurate and ready determination by this Court, judicial notice is not appropriate.  Liebb has failed to establish the universality of these documents, therefore this Court denies his request for judicial notice.

### Conclusion

The Court denies the following four motions:1) Respondent's Objection to the Discovery Order (Docket No. 19), 2) Liebb's Request for Additional Time to Supplement the Record and Request for Additional Discovery (Docket No. 20), 3) Respondent's Request to Strike New Claims (Docket No. 23), and 4) Liebb's Request for Judicial Notice (Docket No. 24).

DATED: September 21, 2007

_____
JAMES LARSON
Chief Magistrate Judge

**United States District Court**
For the Northern District of California

C 04-4213 Discovery Order